## En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| In re:<br><br>Lcdo. Angel D. López López | Queja<br><br>**99 TSPR 126** |

Número del Caso: **AB-1999-0033**

Colegio de Abogados:

Lcda. María de Lourdes Rodríguez

Fecha: 8/12/1999

Materia: **Conducta Profesional**

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

## EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Angel D. López López

AB-1999-33

## PER CURIAM

San Juan, Puerto Rico, a 12 de agosto de 1999.

El 13 de octubre de 1998, Eulogio Romero Camacho, presentó ante el Colegio de Abogados de Puerto Rico

una queja bajo juramento contra el Lcdo. Angel D. López López, mediante la cual, inter alia, le imputaba haber cobrado por adelantado $1,500 por servicios profesionales que no había rendido. El 20 de octubre de 1998, la Comisión de Etica Profesional del Colegio de Abogados se dirigió al licenciado López López, enviándole copia de la queja aludida, y concediéndole un término de veinte (20) días para que reaccionara a dicha queja.

El 1 de diciembre de 1998, varias semanas después de haber transcurrido el término que le había fijado la Comisión de Etica del Colegio de Abogados al licenciado López López para contestar, sin que éste lo hubiese hecho, dicha Comisión volvió a comunicarse con López López para concederle un término adicional de diez (10) días para formular su posición ante la queja referida, con el debido apercibimiento de que no atender los reclamos del Colegio sobre el particular constituía por sí solo una falta de ética.

El Lcdo. Angel D. López López tampoco contestó el segundo requerimiento de la Comisión de Etica del Colegio de Abogados sobre la queja pendiente. El vista de ello, el 21 de diciembre de 1998, la Comisión le dio un tercer término de veinte (20) días para recibir una contestación a la queja pendiente, advirtiéndole al licenciado López López que de no contestar este tercer requerimiento, el asunto sería sometido al Tribunal Supremo de Puerto Rico para la acción correspondiente.

Transcurrido el término referido sin que el licenciado López López hubiese contestado la queja pendiente, el 29 de marzo de 1999, la Comisión de Etica Profesional del Colegio de Abogados trajo el asunto a nuestra atención para la acción que estimásemos pertinente. El 30 de abril de ese mismo año, mediante Resolución notificada personalmente, le concedimos un término de quince (15) días al licenciado López López para que contestase los requerimientos del Colegio de Abogados, y para que le expusiese a este Tribunal las razones, si alguna tenía, por las cuales no debía ser sancionado por su incumplimiento con los requerimientos del Colegio de Abogados. Le apercibimos que su incumplimiento con nuestra Resolución podría

acarrear ulteriores sanciones disciplinarias en su contra.

El licenciado López López no atendió nuestra Resolución del 30 de abril de 1999.

Han transcurrido más de tres meses desde que se notificó la Resolución nuestra del 30 de abril de 1999 sin que el Lcdo. Angel D. López López la haya contestado. Tampoco ha contestado los requerimientos del Colegio de Abogados.

Sencillamente, el licenciado López López no ha cumplido con la orden de este Tribunal ni con los repetidos requerimientos del Colegio de Abogados, demostrando así que no tiene interés alguno en continuar ejerciendo la abogacía en nuestra jurisdicción.

I. Ya antes hemos resuelto que los abogados tienen el deber de atender las comunicaciones del Colegio de Abogados relacionadas con investigaciones disciplinarias. In re: Ríos Acosta I, Per Curiam de 19 de mayo de 1997, 143 D.P.R. ___, 97 JTS 90. Además, reiteradamente hemos resuelto que los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de una queja presentada en su contra que está siendo investigada, independientemente de los méritos de la misma. De igual forma, en numerosas ocasiones hemos preceptuado que la indiferencia de los abogados a responder a órdenes de este Tribunal apareja la imposición de sanciones disciplinarias severas. In re: David W. Román Rodríguez, Per Curiam del 10 de febrero de 1999, ___ D.P.R. ___, 99 JTS 40; In re: Rivera Rodríguez, Per Curiam del 19 de enero de 1999, ___ D.P.R. ___, 99 JTS 39; In re: Torres Zayas, Per Curiam del 30 de noviembre de 1998, ___ D.P.R. ___, 99 JTS 3; In re: Laborde Freyre, Per Curiam de 13 de febrero de 1998, 144 D.P.R. ____, 98 JTS 15; In re: Manzano Velázquez, Per Curiam de 7 de noviembre de 1997, 144 D.P.R. ___, 97 JTS 135; In re: Escalona Vicenty, Per Curiam de 22 de mayo de 1997, 143 D.P.R. ___, 97 JTS 91; In re: Claudio Ortiz, Per Curiam de 8 de noviembre de 1996, 141 D.P.R. ___, 96 JTS 153; In re: Sepúlveda Negroni, Per Curiam del 25 de octubre de 1996, 141 D.P.R. ___, 96 JTS 140; In re: Rivera Rivera, Per Curiam de 20 de junio de 1996, 141 D.P.R. ___, 96 JTS 113; Colegio de Abogados v. Diversé Verges y Otros, Op. de 16 de

junio de 1994, 137 D.P.R. ___, 94 JTS 97; <u>In re:</u> Pérez Bernabé, Op. de 19 de mayo de 1993, 133 D.P.R. ___, 93 JTS 82; <u>In re:</u> Ribas Dominicci y Otros, 131 D.P.R. 491 (1992).

Por todo lo anterior, debe suspenderse indefinidamente del ejercicio de la abogacía al licenciado Román Rodríguez, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.

Se dictará sentencia de conformidad.

## EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Angel D. López López

AB-1999-33

## SENTENCIA

San Juan, Puerto Rico, a 12 de agosto de 1999.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se suspende indefinidamente del ejercicio de la abogacía al Lcdo. Angel D. López López, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.

Se ordena a la Oficina del Alguacil que se incaute de su obra notarial, incluso sello notarial, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Negrón García no intervinieron.


Isabel Llompart Zeno

Secretaria del Tribunal Supremo

Retornar al índice anterior