*In re* Hernand Cruz Mateo, querellado.

*Número:* AB-2001-47     *Resuelto:* 27 de junio de 2002

*Roberto J. Sánchez Ramos, procurador general, Edna Evelyn Rodríguez, Yvonne Casanova Pelosi, procuradoras generales auxiliares, y Vanessa Lugo Flores, subprocuradora general; Hernand Cruz Mateo, pro se.*

Per curiam: El 16 de octubre de 2001, el Procurador General de Puerto Rico —mediante un escrito intitulado "moción informativa y en solicitud de orden"— nos informó, entre otros asuntos, que habían requerido del Lcdo. Hernand Cruz Mateo cierta información, consistente la misma del número de "casos en que está interviniendo en repre-

sentación de los sobrinos de [la quejosa, Sra. Marina Félix Pereira], acompañando copia de toda aquella evidencia documental que entendiera avalara su posición"; ello en relación con una *queja* que había presentado la Sra. Félix Pereira en contra de dicho abogado ante este Tribunal y que habíamos referido ante la Oficina del Procurador General para la correspondiente investigación e informe. En dicho escrito, el Procurador General nos informó que no había "recibido comunicación o escrito alguno de parte del licenciado Cruz Mateo, por lo que todavía no [contaba con la información necesaria para culminar [la] investigación".

Mediante Resolución de 25 de octubre de 2001, le ordenamos al licenciado Cruz Mateo, en lo pertinente, que cumpliera con lo requerido por el Procurador General. El 10 de enero de 2002, le concedimos al licenciado Cruz Mateo un nuevo término de veinte días para que cumpliera con nuestra Resolución de 25 de octubre de 2001. El 12 de abril de 2001 requerimos, por tercera ocasión, del licenciado Cruz Mateo para que, en el término de diez días, brindara la información solicitada, *apercibiendo a éste de "que su incumplimiento con esta Resolución podía conllevar severas medidas disciplinarias"*. El licenciado Cruz Mateo ha hecho *caso omiso* de las Resoluciones emitidas.

## I

Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. *In re Ríos Acosta I*, 143 D.P.R. 128 (1997).

Por otro lado, *reiteradamente* hemos señalado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la obligación ineludible

de *responder prontamente* a los requerimientos de este Tribunal. *In re Rodríguez Mena*, 126 D.P.R. 205 (1990).

Por último, debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una *violación* al Canon 9 del Código de Ética Profesional 4 L.P.R.A. Ap. IX, en lo relativo a la exigencia de respeto hacia los tribunales. *In re Salichs Martínez*, 131 D.P.R. 481 (1992).

Habiendo hecho caso omiso el abogado Cruz Mateo a las órdenes de este Tribunal, y por los fundamentos antes expresados, procede decretar la separación temporera e inmediata de éste del ejercicio de la abogacía, y de la notaría, en Puerto Rico hasta que otra cosa disponga el Tribunal.

Le imponemos a Hernand Cruz Mateo el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación, el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, *de inmediato*, a incautarse de la obra y sello notarial de Hernand Cruz Mateo, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

*Se dictará Sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Fuster Berlingeri no intervinieron.