EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  | Queja |
|---|---|
| In re: | 2004 TSPR 9 |
| Felipe Torres Torregrosa | 160 DPR _____ |

Número del Caso: AB-2002-304
                 AB-2003-212


Fecha: 13 de enero de 2004


 Colegio de Abogados de Puerto Rico:

                        Lcdo. Ángel N. Candelario Cáliz


 Oficina del Procurador General:

                        Lcda. Rosana Márquez Valencia
                        Procuradora General Auxiliar

 Abogado del Querellado:
                        Por Derecho Propio


Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 29 de enero
        de 2004, fecha en que se le notificó al abogado de su
        suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de
compilación y publicación oficial de las decisiones del Tribunal. Su
distribución electrónica se hace como un servicio público a la
comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Felipe Torres Torregrosa

AB-2002-304
AB-2003-212

PER CURIAM

San Juan, Puerto Rico, a 13 de enero de 2004.

I

El 13 de mayo de 1980 Felipe Torres Torregrosa fue admitido al ejercicio de la profesión de abogado.

El 31 de octubre de 2002 el Colegio de Abogados de Puerto Rico nos informó que Torres Torregrosa tenía pendiente allí una queja en su contra y que éste no había contestado ninguno de **los tres requerimientos** que le había hecho el Colegio sobre el particular. En vista de lo anterior, el 25 de noviembre de 2002 le concedimos un término a Torres Torregrosa para contestar los requerimientos referidos del Colegio de Abogados y a la vez mostrar causa ante nos por la cual no debía ser disciplinado por no contestar dichos requerimientos. Dicha Resolución fue notificada a Torres Torregrosa

personalmente por el Alguacil del Tribunal, y se le apercibió de que su incumplimiento podía aparejar su suspensión del ejercicio profesional.

Entonces Torres Torregrosa compareció ante nos **tardíamente** y nos solicitó una prórroga para atender nuestra Resolución del 25 de noviembre, **la cual le concedimos el 31 de enero de 2003**. Aun así, Torres Torregrosa no cumplió con la Resolución del 25 de noviembre de 2002 durante el nuevo término que le concedimos y meses más tarde, el 20 de mayo de 2003, compareció ante nos y nos explicó que había estado enfermo, razón por la cual no había podido atender la Resolución referida. Nos indicó, sin embargo, que su "crisis" de salud había sido superada y nos solicitó otra prórroga para cumplir con lo ordenado en nuestra Resolución del 25 de noviembre de 2002. El 13 de junio de 2003 le concedimos un término final de treinta días para dar cumplimiento a dicha Resolución.

Han pasado ya varios meses desde que venció la prórroga final que le concedimos a Torres Torregrosa sobre este asunto y éste no ha comparecido ante nos a dar cumplimiento a lo ordenado en la Resolución del 25 de noviembre de 2002.


II

Lo relatado en el acápite anterior no es el único asunto que aquí nos concierne. Resulta que Torres Torregrosa también tenía otra queja distinta en su contra presentada ésta ante el Procurador General de Puerto Rico. En relación a esta otra

queja, Torres Torregrosa fue requerido en tres ocasiones también por el Procurador General para que la atendiese, sin éxito alguno. Por ello, el 15 de diciembre de 2003 le dimos un término de diez días a Torres Torregrosa para responder a los requerimientos del Procurador General y para que compareciera ante nos a mostrar causa por la cual no debía ser disciplinado por desatender los requerimientos referidos. La Resolución nuestra del 15 de diciembre de 2003 le fue notificada personalmente a Torres Torregrosa por el Alguacil de este Tribunal. Se le apercibió asimismo que su incumplimiento con dicha Resolución podría conllevar la suspensión del ejercicio profesional.

Al 9 de enero de 2004, cuando se discutió este asunto en el Pleno del Tribunal, Torres Torregrosa tampoco había cumplido con esta otra Resolución nuestra. No había comparecido ante nos ni siquiera para solicitar una prórroga.

III

Reiteradamente hemos resuelto que los miembros de la profesión de abogado tienen el deber de responder con premura a los requerimientos que les hagan el Colegio de Abogados o el Procurador General de Puerto Rico relacionados a quejas por conducta profesional. No hacerlo, sin tener motivos fundados para ello, acarrea severas sanciones disciplinarias. In re Arroyo Rivera, 148 D.P.R. 354 (1999); In re Vargas Soto, 146 D.P.R. 55 (1998).

Más aun, en innumerables ocasiones también hemos señalado que los abogados tienen la ineludible obligación de

responder diligentemente a nuestras propias órdenes. Hemos hecho claro que la indiferencia del abogado al no atender nuestros requerimientos u órdenes acarrea la imposición de severas sanciones disciplinarias. In re: Fernández Pacheco, res. el 21 de noviembre de 2000, 152 D.P.R. ___ (2000), 2000 TSPR 184, 2000 JTS 195; In re: Corujo Collazo, res. el 23 de diciembre de 1999, 149 D.P.R. ___ (2000), 99 TSPR 191, 2000 JTS 8; In re: Ron Menéndez, res. el 24 de agosto de 1999, 149 D.P.R. ___ (1999), 99 TSPR 133, 99 JTS 139; In re: López López, 12 de agosto de 1999, 149 D.P.R. ___ (1999), 99 TSPR 126, 99 JTS 131.

En el caso de autos Torres Torregrosa no sólo ha hecho caso omiso de los requerimientos del Colegio de Abogados y del Procurador General, sino que, además, ha incumplido con nuestras Resoluciones del 25 de noviembre de 2002 y del 15 de diciembre de 2003. Es evidente que Torres Torregrosa no tiene ninguna disposición de cumplir con nuestras órdenes o con los requerimientos del Colegio de Abogados y del Procurador General.

Por todo lo antes expuesto, se suspende inmediata e indefinidamente a Felipe Torres Torregrosa del ejercicio de la profesión de abogado y hasta que otra cosa disponga este Tribunal.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no

realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá certificarnos en treinta días del cumplimiento de estos deberes.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Felipe Torres Torregrosa

AB-2002-304
AB-2003-212

SENTENCIA

San Juan, Puerto Rico, a 13 de enero de 2004.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Felipe Torres Torregrosa y hasta que otra cosa disponga este Tribunal.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá certificarnos en treinta días del cumplimiento de estos deberes.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

AB-2002-304                         2
AB-2003-212


    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton no intervino.




                    Patricia Otón Olivieri
                Secretaria del Tribunal Supremo