EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                    | Queja          |
|                           |                |
|     Reinaldo Arroyo Rivera | 2004 TSPR 61   |
|                           |                |
|                           | 161 DPR ____   |

Número del Caso: AB-2003-267

Fecha: 1 de abril de 2004

Colegio de Abogados de Puerto Rico:

                    Lcdo. Ángel N. Candelario Cáliz
                    Oficial Investigador

Materia: Conducta Profesional
        (La suspensión será efectiva el día 14 de abril de 2004
        fecha en que se le notificó al abogado de su suspensión
        inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de
compilación y publicación oficial de las decisiones del Tribunal.
Su distribución electrónica se hace como un servicio público a la
comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Reinaldo Arroyo Rivera                    AB-2003-267

PER CURIAM

San Juan, Puerto Rico, a 1 de abril de 2004.

El 15 de julio de 1976 Reinaldo Arroyo Rivera fue admitido al ejercicio de la profesión de abogado; y el 20 de marzo de 1990 admitido a ejercer como notario.

El 19 de mayo de 1999 Arroyo Rivera fue suspendido por tres meses del ejercicio profesional.

El 8 de mayo de 2003 se presentó una queja juramentada contra Arroyo Rivera ante el Colegio de Abogados de Puerto Rico. Conforme al procedimiento de rigor, el Colegio de Abogados le requirió a Arroyo Rivera que contestará la queja aludida. **Se le hizo tal requerimiento repetidamente** el 5 de junio de 2003, el 15 de julio de 2003, el 19 de agosto de 2003 y el 23 de septiembre de 2003.

En vista de que Arroyo Rivera no contestó ninguno de los cuatro requerimientos que le había hecho el Colegio de Abogados, éste compareció ante nos el 10 de diciembre de 2003 y solicitó nuestra intervención.

El 15 de enero de 2004, mediante Resolución que se le notificó personalmente por un alguacil del Tribunal, le ordenamos a Arroyo Rivera a que contestara los requerimientos del Colegio de Abogados y a que mostrara causa ante nos por la cual no debía ser disciplinado por incumplir con su deber de atender expeditamente los requerimientos referidos. Le apercibimos así mismo que incumplir con lo ordenado en dicha Resolución podría acarrear su suspensión del ejercicio profesional.

A la fecha de hoy Arroyo Rivera no se ha comunicado con el Colegio de Abogados, ni ha comparecido ante nos, todo ello en craso incumplimiento con nuestra Resolución del 15 de enero de 2004.

II

Reiteradamente hemos resuelto que los abogados tienen la ineludible obligación de responder diligentemente a las órdenes de este Tribunal, como a los requerimientos del Colegio de Abogados con respecto a quejas que éste investiga. La indiferencia de un abogado al no atender nuestras órdenes como los requerimientos del Colegio de Abogados en casos disciplinarios acarrea la imposición de severas sanciones disciplinarias. In re Torres Torregrosa,

res. el 13 de enero de 2004, ___ D.P.R. ___ (2004), 2004 TSPR 9, 2004 JTS ____; In re Fernández Pacheco, res. el 21 de diciembre de 2000, 152 D.P.R ___ (2000), 2000 TSPR 184, 2000 JTS 195; In re Corujo Collazo, res. el 23 de diciembre de 1999, 149 D.P.R. ___ (2000), 1999 TSPR 191, 2000 JTS 8; In re Ron Menéndez, 149 D.P.R. 105, 107 (1999); In re Rivera Rodríguez, 147 D.P.R. 917, 923 (1999).

En el caso ante nos, el licenciado Reinaldo Arroyo Rivera ha hecho caso omiso a una orden nuestra al incumplir con nuestra Resolución de 15 de enero de 2004; y al ignorar los cuatro requerimientos del Colegio de Abogados referidos antes. Así mismo se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias. Evidentemente no le interesa continuar ejerciendo la profesión.

En vista de lo anterior, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le impone a Reinaldo Arroyo Rivera el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión Per Curiam y sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Reinaldo Arroyo Rivera                    AB-2003-267




                              SENTENCIA



San Juan, Puerto Rico, a 1 de abril de 2004.



        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

        Se le impone a Reinaldo Arroyo Rivera el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

        Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión Per Curiam y sentencia.

        Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Hernández Denton no intervinieron.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo