EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Jorge V. Zayas Cabán | Queja<br><br>2004 TSPR 158<br><br>162 DPR _____ |

Número del Caso: AB-2004-34

Fecha: 21 de septiembre de 2004

Colegio de Abogados de Puerto Rico:

                        Lcdo. Ángel N. Candelario Cáliz
                        Oficial Investigador

Materia: Conducta Profesional
        (La suspensión será efectiva el 24 de septiembre de 2004
        fecha en que se le notificó al abogado de su suspensión
        inmediata).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge V. Zayas Cabán

AB-2004-034

PER CURIAM

San Juan, Puerto Rico, a 21 de septiembre de 2004.

Jorge Zayas Cabán fue admitido al ejercicio de la profesión el 26 de junio de 1987.

En lo que aquí nos concierne, el 6 de mayo de 2003 se presentó una queja en su contra ante el Colegio de Abogados de Puerto Rico. Mediante dicha queja, un cliente suyo le imputaba que Zayas Cabán había transigido una demanda del cliente contra una compañía de seguros, sin su conocimiento o consentimiento; y que, además, Zayas Cabán se había quedado con el importe total de la transacción referida, sin pagarle nada al cliente, a pesar de éste haberle requerido el dinero en cuestión en varias ocasiones durante un período de más de dos años.

El 5 de junio de 2003 el Colegio de Abogados le requirió a Zayas Cabán por correo certificado que contestara la queja, sin tener éxito.

El 15 de julio de 2003 el Colegio de Abogados le hizo un segundo requerimiento a Zayas Cabán, sin tener éxito de nuevo.

El Colegio de Abogados continuó en su empeño por lograr que Zayas Cabán contestara la queja referida mediante requerimientos subsiguientes remitidos por correo certificado el 23 octubre de 2003 y 9 de diciembre de 2003, todos ellos infructuosos.

Así las cosas, el 10 de febrero de 2004 el Colegio de Abogados compareció ante nos y nos expuso la situación referida.

El 14 de abril de 2004 mediante la correspondiente Resolución, le concedimos un término a Zayas Cabán para que contestase los requerimientos del Colegio de Abogados en el caso de autos. Además, durante el mismo término le ordenamos que compareciera ante nos a exponer las razones, si alguna tuviere, por las cuales no debía ser disciplinado por no responder a los requerimientos del Colegio de Abogados.

En la Resolución referida, le advertimos claramente a Zayas Cabán que su incumplimiento con dicha Resolución conllevaría sanciones disciplinarias serias, incluyendo la suspensión del ejercicio profesional.

Han transcurrido más de cinco meses y Zayas Cabán no ha respondido a la Resolución aludida. Vencido desde hace mucho

tiempo el término que se le concedió para ello, Zayas Cabán no ha cumplido con lo que se le ordenó.

II

Reiteradamente hemos resuelto que los abogados tienen el deber ineludible de responder diligentemente a los requerimientos del Colegio de Abogados con respecto a quejas que éste investiga. También tienen la obligación de cumplir fielmente las órdenes de este Tribunal. Desatender los requerimientos del Colegio o las órdenes nuestras acarrea la imposición de sanciones disciplinarias severas. In re Arroyo Rivera, res. el 1 de abril de 2004, 161 D.P.R. ___, 2004 TSPR 61, 2004 JTS 61; In re Torres Torregrosa, res. el 13 de enero de 2004, 161 D.P.R. ___, 2004 TSPR 9, 2004 JTS 13; In re Fernández Pacheco, 152 D.P.R. ___, 2000 TSPR 184, 2000 JTS 195; In re Corujo Collazo, 149 D.P.R. 857 (1999); In re Ron Meléndez, 149 D.P.R. 105 (1999); In re Rivera Rodríguez, 147 D.P.R. 917 (1999).

En el caso de autos, Zayas Cabán ha hecho caso omiso de una orden nuestra al incumplir con nuestra Resolución del 14 de abril de 2004. Así mismo, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias. Evidentemente no le interesa continuar ejerciendo la profesión.

III

Zayas Cabán tiene un largo historial de quejas graves ante este Foro. Por un lado, se le han presentado querellas

por falta de pago de las cuotas del Colegio de Abogados en 1992, 1996, 1999, 2002 y 2003.

Por otro lado, tiene pendientes **ocho** procedimientos disciplinarios distintos ante el Procurador General de Puerto Rico, incluyendo uno que ya está sometido ante un Comisionado Especial.

Finalmente, está sujeto actualmente a al menos una investigación por el Fiscal General de Puerto Rico por varias posibles violaciones graves al Código Penal de Puerto Rico.

En vista de lo señalado en el acápite II de esta opinión, procede la suspensión inmediata e indefinida de Zayas Cabán del ejercicio de la abogacía y la notaría. Esta suspensión no afectará la investigación criminal referida antes ni el procedimiento pendiente ante el Comisionado Especial en el caso CP-2003-9, que deben completarse y concluir con los informes correspondientes a este Foro.

Se le impone a Jorge Zayas Cabán el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá certificarnos en treinta días del cumplimiento de estos deberes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge Zayas Cabán

                              AB-2004-034


SENTENCIA


San Juan, Puerto Rico, a 21 de septiembre de 2004.


        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, procede la suspensión inmediata e indefinida de Zayas Cabán del ejercicio de la abogacía y la notaría.

        Esta suspensión no afectará la investigación criminal que conduce el Fiscal General de Puerto Rico en su caso, ni el procedimiento pendiente ante el Comisionado Especial en el caso CP-2003-9, que deben completarse y concluir con los informes correspondientes a este Foro.

        Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos en treinta días del cumplimiento de estos deberes.

        Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre sin opinión.

                              Patricia Otón Olivieri
                          Secretaria del Tribunal Supremo