*In re* Hernand Cruz Mateo.

*Número:* TS-9363          *Resuelto:* 21 de noviembre de 2005

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *Hernand Cruz Mateo*, abogado que comparece por derecho propio.

PER CURIAM: El Lcdo. Hernand Cruz Mateo fue admitido al ejercicio de la abogacía el 8 de febrero de 1990 y separado temporeramente de la abogacía y notaría el 27 de junio de 2002. La separación obedeció a la desatención por su parte de las órdenes de este Tribunal y de la Oficina del Procurador General. *In re Cruz Mateo*, 157 D.P.R. 348 (2002). Posteriormente fue reinstalado al ejercicio de la abogacía, mas no de la notaría.

Como resultado de su separación, se incautó la obra notarial del licenciado Cruz Mateo. La referida obra fue inspeccionada por la Oficina de Inspección de Notarías (ODIN) y la inspección reveló innumerables deficiencias y faltas en los instrumentos públicos autorizados por el notario. Le ordenamos al licenciado Cruz Mateo que procediera a corregirlas. El licenciado Cruz Mateo nos informó haber iniciado la tarea de corregir las deficiencias en su obra notarial.

A solicitud de éste, el 20 de enero de 2005 le concedimos un término de veinte días para cumplir con la Resolución

de 21 de mayo de 2004, en la cual se le ordenó que corrigiera la totalidad de las deficiencias señaladas por ODIN en un segundo informe sobre el estado de su obra notarial.

En febrero, se le concedió un término adicional de veinte días para cumplir con nuestra resolución. Éste no compareció ni solicitó una prórroga para cumplir con lo ordenado, por lo que el 6 de mayo de 2005 le concedimos un término final de quince días para cumplir con nuestra Resolución de 28 de febrero de 2005. En nuestra resolución le apercibimos al licenciado Cruz Mateo de que el incumplimiento con la resolución conllevaría graves sanciones disciplinarias, incluyendo su suspensión del ejercicio de la profesión legal.

El 25 de mayo de 2005, el licenciado Cruz Mateo compareció a informarnos sobre el estado de su gestión para corregir las deficiencias identificadas en su obra notarial y nos solicitó un término final de sesenta días para corregirlas.

El 10 de junio de 2005 le concedimos el término solicitado. Este término ha transcurrido sin que el licenciado Cruz Mateo haya comparecido a informarnos sobre el estado de su gestión para cumplir con nuestra Resolución de 21 de mayo de 2004 o para solicitar prórroga alguna.

I

De forma reiterada hemos indicado que el desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales. *In re Arroyo Rivera*, 161 D.P.R. 567 (2004); *In re Fernández Pacheco*, 152 D.P.R. 531 (2000); *In re Maldonado Rivera*, 147 D.P.R. 380 (1999). Los abogados tienen la ineludible obligación de responder diligentemente a las órdenes de este Tribunal. *In re Torres Torregrosa*, 161 D.P.R. 66 (2004).

En el caso ante nuestra consideración, el Lcdo. Hernand Cruz Mateo ha desatendido constantemente nuestras órdenes para corregir las deficiencias en su obra notarial. Es

evidente que no tiene interés en continuar ejerciendo su profesión. Su actitud de displicencia para con este Tribunal no lo hace digno de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal.

Por los fundamentos antes mencionados, *ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del Lcdo. Hernand Cruz Mateo, a partir de la notificación de esta opinión* per curiam. *Le imponemos al licenciado Cruz Mateo el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además, deberá notificarnos dentro del término de treinta días, contados a partir de la notificación de esta opinión* per curiam, *el cumplimiento de estos deberes.*

*Se dictará sentencia de conformidad.*