EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Hernand Cruz Mateo | 2005 TSPR 187 <br><br> 166 DPR _____ |

Número del Caso: TS-9363


Fecha: 21 de noviembre de 2005


Oficina de Inspección de Notarías:

                          Lcda. Carmen H. Carlos
                          Directora

 Abogado del Peticionario:

                          Por Derecho Propio




 Materia: Conducta Profesional
        (La suspensión será efectiva el 30 de noviembre de 2005 fecha en que se le notificó al abogado de su suspensión inmediata).




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

TS-9363

In re

Hernand Cruz Mateo                          TS-9363

PER CURIAM

San Juan, Puerto Rico, a 21 de noviembre de 2005

El Lcdo. Hernand Cruz Mateo fue admitido al ejercicio de la abogacía el 8 de febrero de 1990 y separado temporeramente de la abogacía y notaría el 27 de junio de 2002. La separación obedeció a la desatención por su parte de las órdenes de este Tribunal y de la Oficina del Procurador General. *In re Cruz Mateo*, res. 27 de junio de 2002, 157 D.P.R. ___, 2002 TSPR 106.

Posteriormente fue reinstalado al ejercicio de la abogacía más no de la notaría.

Como resultado de su separación, se incautó la obra notarial del licenciado Cruz Mateo. La referida obra fue inspeccionada por la Oficina de Inspección

de Notarías ("ODIN") y la inspección reveló innumerables deficiencias y faltas en los instrumentos públicos autorizados por el notario. Le ordenamos al licenciado Cruz Mateo que procediera a corregir las mismas.

El licenciado Cruz Mateo nos informó haber iniciado la tarea de corregir las deficiencias en su obra notarial.

A solicitud de éste, el 20 de enero de 2005 le concedimos un término de veinte (20) días para cumplir con la Resolución de 21 de mayo de 2004 en la cual se le ordenó corrigiera la totalidad de las deficiencias señaladas por ODIN en un segundo informe sobre el estado de su obra notarial.

En febrero, se le concedió un término adicional de veinte (20) días para cumplir con nuestra Resolución. Éste no compareció ni solicitó prórroga para cumplir con lo ordenado por lo que el 6 de mayo de 2005, le concedimos un término final de quince (15) días para cumplir con nuestra Resolución de 28 de febrero de 2005. En nuestra Resolución le apercibimos al licenciado Cruz Mateo que el incumplimiento con la Resolución conllevaría graves sanciones disciplinarias incluyendo su suspensión del ejercicio de la profesión legal.

El 25 de mayo de 2005, el licenciado Cruz Mateo compareció a informarnos sobre el estado de su gestión para corregir las deficiencias identificadas en su obra notarial y nos solicitó un término final de sesenta (60) días para corregir las mismas.

El 10 de junio de 2005 le concedimos el término solicitado. Este término ha transcurrido sin que el licenciado Cruz Mateo haya comparecido a informarnos sobre el estado de su gestión para cumplir con nuestra Resolución del 21 de mayo de 2004, o a solicitar prórroga alguna.

## II

De forma reiterada hemos indicado que el desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales. *In re Maldonado Rivera*, 147 D.P.R. 380 (1999); *In re Fernández Pacheco*, 152 D.P.R. 531 (2000); *In re Arroyo Rivera*, res. 1ero. de abril de 2004, 161 D.P.R. ___, 2004 TSPR 61. Los abogados tienen la ineludible obligación de responder diligentemente a las órdenes de este Tribunal. *In re Torres Torregrosa*, res. 13 de enero de 2004, 161 D.P.R. ___, 2004 TSPR 9.

En el caso ante nuestra consideración el Lcdo. Hernand Cruz Mateo ha desatendido consistentemente nuestras órdenes para corregir las deficiencias en su obra notarial. Es evidente que no tiene interés en continuar ejerciendo su profesión. Su actitud de displicencia para con este Tribunal no lo hace digno de continuar desempeñando el ministerio que ostenta como miembro de la profesión legal.

Por los fundamentos antes mencionados, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía al Lcdo. Hernand Cruz Mateo, a partir de la notificación de la presente Opinión Per Curiam.

Le imponemos al licenciado Cruz Mateo el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá notificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, el cumplimiento de estos deberes.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Hernand Cruz Mateo                    TS-9363

SENTENCIA

San Juan, Puerto Rico, a 21 de noviembre de 2005

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, los cuales incorporamos íntegramente a la presente, ordenamos la separación inmediata e indefinida del ejercicio de la abogacía al Lcdo. Hernand Cruz Mateo, a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Le imponemos al licenciado Cruz Mateo el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá notificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, el cumplimiento de estos deberes.

Notifíquese a través de la Oficina del Alguacil General.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.


Dimarie Alicea Lozada
Secretaria del Tribunal Supremo Interina