EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Juan L. Quintero Alfaro | 2004 TSPR 20 160 DPR _____ |

Número del Caso: TS-3034

Fecha: 9 de febrero de 2004

Colegio de Abogados de Puerto Rico:
                        Lcdo. José M. Montalvo Trías
                        Director Ejecutivo

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Juan L. Quintero Alfaro

TS-3034

PER CURIAM

San Juan, Puerto Rico, a 9 de febrero de 2004

El 7 de agosto de 2003, el Colegio de Abogados de Puerto Rico compareció ante este Tribunal solicitando la suspensión indefinida del ejercicio de la abogacía del Lcdo. Juan L. Quintero Alfaro por falta de pago de la cuota correspondiente al año 2003.[1] En vista de ello, y mediante Resolución emitida el 2 de octubre de la cual no debíamos acceder a lo solicitado y le apercibimos de que su incumplimiento con la referida orden conllevaría la suspensión automática del ejercicio de la abogacía.

---

[1] El Lcdo. Quintero Alfaro fue admitido por este Tribunal al ejercicio de la abogacía el 14 de diciembre de 1967 y al del notariado el 9 de enero de 1968. El 10 de julio de 1997 renunció voluntariamente a su práctica de la notaría.

Esta Resolución fue enviada a la última dirección que obra en el expediente del Lcdo. Quintero Alfaro en el Tribunal. Al día de hoy han transcurrido más de cuatro meses sin que éste haya comparecido ante el Tribunal.[2] En vista de lo anterior, procede que resolvamos según intimado en nuestra Resolución.

I

El día en que un abogado presta juramento ante el Tribunal Supremo le es concedido un gran privilegio: el de poder ejercer una profesión, honrosa por demás, que tiene una rica y extraordinaria tradición y que desempeña un importante papel en nuestra sociedad. Sin embargo, como es por todos conocido, este privilegio no está exento de responsabilidad. Al juramentar una persona como abogado, éste se convierte en funcionario del Tribunal y ministro ordenado de la justicia y se compromete a desempeñar su alto ministerio con la mayor y más excelsa competencia, compromiso e integridad. Ramos Acevedo v. Tribunal Superior, 133 D.P.R. 599, 613-14 (1993).

Entre las responsabilidades que asume el abogado al momento de prestar juramento está la de desempeñar con lealtad los deberes y responsabilidades que como abogados

---

[2] Transcurrido el término de 20 días sin que el abogado hubiera comparecido, un alguacil de este Tribunal se personó al pueblo de Morovis, lugar donde se supone que el Lcdo. Quintero Alfaro practica su profesión, sin poder localizar éste al referido abogado en dicho pueblo.

del Estado Libre Asociado de Puerto Rico les imponen la ley y el Código de Ética Profesional. A esos efectos, debemos recordar que la Ley Núm. 43 de 14 de mayo de 1932, 4 L.P.R.A. secs. 771 *et seq.*, en su Artículo 9, 4 L.P.R.A. sec. 780, establece la obligación de los miembros del Colegio de Abogados de satisfacer una cuota de colegiación anual.[3] Sobre este particular, y en reiteradas ocasiones, hemos resuelto que la renuencia injustificada a satisfacer el pago de la referida cuota demuestra una total indiferencia hacia las obligaciones mínimas de nuestro ordenamiento y conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía. *In re* Ortiz Delgado, res. el 29 de mayo de 2003, 2003 T.S.P.R. 96; *In re* Pérez Brasa, res. el 10 de diciembre de 2001, 2002 T.S.P.R. 46; *In re* Alemañy Enriquez, res. el 5 de mayo de 2000, 2000 T.S.P.R. 117; *In re* Quevedo Cordero, res. el 21

---

[3] Este Tribunal tuvo la oportunidad de analizar la constitucionalidad de la disposición estatutaria antes mencionada al resolver el caso Colegio de Abogados de P.R. v. Schneider, 112 D.P.R. 540 (1982). En aquella ocasión, sostuvimos la validez no sólo de la obligación de satisfacer cuotas anuales, sino, además, la de la colegiación compulsoria. Al así resolver señalamos que "[a] medida que sigan incrementando los diplomados en leyes, mayor será ... la necesidad de la matriculación obligatoria ante el Colegio de Abogados como denominador común, y medio para desempeñarse en tan noble profesión, al igual que para poder descargar eficientemente este Tribunal su facultad disciplinaria por violaciones a la ética y administrar el sistema judicial unificado." Véase, además: Colegio de Abogados v. Schneider, 117 D.P.R. 504 (1986); Schneider v. Colegio de Abogados, 917 F.2d 620 (1992).

de enero de 1999, 99 T.S.P.R. 4; *In re* Osorio Diaz, 146 D.P.R. 39 (1998); *In re* Reyes, Rovira, 139 D.P.R. 42 (1995); Col. Abogados P.R. v. Pérez Padilla, 135 D.P.R. 94 (1994); *In re* Duprey Maese, 120 D.P.R. 565 (1988); *In re* Serrallés III, 119 D.P.R. 949 (1987); *In re* Vega González, 116 D.P.R. 379, 381 (1985).

Otro de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y órdenes de este Tribunal. Sobre este particular, hemos sido enfáticos al señalar que la naturaleza de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de conducta profesional. Debe quedar claro, de una vez y por todas, el deber y obligación que todos los abogados tienen de responder con diligencia a los requerimientos de este Tribunal respecto a una queja o querella presentada en su contra. Ya hemos señalado que "[l]a irrazonable e inexcusable tardanza en cumplir con nuestras órdenes --cuando se investiga una queja contra un abogado-- constituye una falta de respeto a este Tribunal." *In re* Osorio Díaz, 146 D.P.R. 39, 43, (1998). Véase, además: *In re* Freytes Mont, 117 D.P.R. 11 (1986); *In re* Pagán Rodríguez, 122 D.P.R. 532 (1988). Demás está decir que en estas situaciones, de renuencia a

cumplir con nuestras órdenes, también procede la suspensión del ejercicio de la abogacía. *In re Osorio Díaz*, ante; *In re González Albarrán*, 139 D.P.R. 543 (1995); *In re Serrano Mangual*, 139 D.P.R. 602 (1995); *In re Bonaparte Rosaly*, 131 D.P.R. 908 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991).

II

Como señaláramos anteriormente en el presente caso el Colegio de Abogados de Puerto Rico compareció ante nos informando que el Lcdo. Quintero Alfaro incumplió su obligación de pagar la cuota de colegiación anual correspondiente al año 2003.[4] Al día de hoy, luego de transcurridos más de cuatro meses de haberle apercibido sobre ello, éste no ha saldado la deuda que mantiene con el Colegio de Abogados. Dicho abogado, además, ha hecho caso omiso a nuestros requerimientos. Como vemos, la conducta observada por el Lcdo. Quintero Alfaro ha resquebrado inexorablemente la comunicación entre este Foro y su persona. Evidentemente hemos perdido "contacto"

---

[4] Resulta pertinente señalar que ésta no es la primera vez que el Colegio de Abogados de Puerto Rico se ve en la necesidad de comparecer ante este Tribunal solicitando la suspensión del ejercicio de la abogacía del Lcdo. Quintero Alfaro por falta de pago de su cuota de colegiación. Del expediente del referido abogado se desprende que éste pagó las cuotas correspondientes a los años 1998, 2001 y 2002 luego de que el Colegio de Abogados presentara ante este Tribunal las correspondientes peticiones de suspensión.

con uno de nuestros abogados. Resulta obvio que éste no interesa continuar siendo miembro de la profesión.

Por los fundamentos antes expresados, se decreta la suspensión indefinida, e inmediata, de Juan L. Quintero Alfaro del ejercicio de la abogacía en nuestra jurisdicción.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Juan L. Quintero Alfaro

                              TS-3034

SENTENCIA

San Juan, Puerto Rico, a 9 de febrero de 2004

        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión indefinida, e inmediata, de Juan L. Quintero Alfaro del ejercicio de la abogacía en nuestra jurisdicción.

        Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río no intervino.

                              Patricia Otón Olivieri
                        Secretaria del Tribunal Supremo