EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Iván Vega Lasalle | 2005 TSPR 66<br><br>163 DPR \_\_\_\_ |

Número del Caso: AB-2004-180

Fecha: 20 de abril de 2005

Materia: Conducta Profesional
        (La suspensión será efectiva el 13 de mayo de 2005 fecha
        en que se le notificó al abogado de su suspensión
        inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Iván Vega Lasalle

AB-2004-180

PER CURIAM

San Juan, Puerto Rico, a 20 de abril de 2004

El 12 de agosto de 2004, el señor Herminio Serrano Águeda juramentó y radicó una queja en la Secretaría de este Tribunal contra el Lcdo. Iván Vega Lasalle. [1] En cumplimiento del trámite pautado en estos casos, la Secretaria del Tribunal le remitió copia de la queja al abogado mediante carta certificada, con acuse de recibo,

_____

[1] La queja consiste, en síntesis, en que se alega que el Lcdo. Vega Lasalle aceptó representar al Sr. Serrano Águeda en relación con una situación que le sucedió a éste en el Hospital de Veteranos, cobrándole en dicho día una suma de dinero por concepto de honorarios de abogado. Días más tarde, el abogado le informó a su cliente que no podía representarlo. Al este último reclamar los honorarios pagados, el abogado se negó a devolverle los mismos.

de fecha 6 de octubre de 2004, carta que fue recibida por el Lcdo. Vega Lasalle. Éste no contestó la misma.

Informado de lo anterior, emitimos Resolución el 17 de diciembre de 2004 concediéndole el término de diez (10) días al Lcdo. Vega Lasalle para que contestara la referida queja. Le apercibimos de que su incumplimiento podría conllevar la imposición de "...sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión." Dicha Resolución fue notificada, personalmente, al Lcdo. Vega Lasalle el 20 de enero de 2005 por un Alguacil de este Tribunal. El abogado ha hecho caso omiso de la referida Resolución.

I

Resulta verdaderamente sorprendente el hecho de que un abogado ponga en riesgo su título y el ejercicio de su profesión por desacatar las órdenes que, con relación a su conducta profesional, emita este Tribunal. Nos llama la atención la frecuencia con la que este Tribunal se enfrenta a esta clase de situación. Somos del criterio que el tiempo y esfuerzo invertido en obtener su grado académico, y los sacrificios que conlleva la admisión a la profesión, deberían ser incentivos suficientes para que los miembros de la clase togada actúen de manera distinta ante los requerimientos que les hace este Tribunal.

En reiteradas ocasiones hemos expresado que el compromiso de todo abogado de mantener y contribuir a un

orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re* Cuevas Vélez, res. el 30 de mayo de 2002, 2002 T.S.P.R. 108; *In re* Ríos Acosta, 143 D.P.R. 128 (1997). Asimismo, hemos sido enfáticos al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re* Vázquez Santiago, res. el 20 de diciembre de 2001, 2002 T.S.P.R. 19.

En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.[2] Ello considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es

---

[2] *In re* Pérez Brasa, res. el 10 de diciembre de 2002, 2002 T.S.P.R. 46; *In re* Vázquez Santiago, res. el 20 de diciembre de 2001, 2001 T.S.P.R. 19; *In re* Figueroa Carrasquillo, res. el 2 de enero de 2001, 2001 TSPR 11; *In re* López López, 149 D.P.R. 82 (1999); *In re* Vargas Soto, 146 D.P.R. 55 (1998); *In re* Ríos Acosta I, 139 D.P.R. 117 (1995); *In re* Pérez Benabe, 133 D.P.R. 361 (1993); *In re* Ribas Dominicci I, 131 D.P.R. 491 (1992); *In re* Nicot Santana, 129 D.P.R. 717 (1992).

incompatible con el ejercicio de la abogacía." *In re* Vargas Soto, 146 D.P.R. 55, 62 (1998).

Como señaláramos en Colegio de Abogados de Puerto Rico v. Pizzini Arnott, res. el 14 de junio de 2002, 2002 T.S.P.R. 103, el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal." Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes." *In re* Guemárez Santiago I, 146 D.P.R. 27, 28 (1998); véase, además: *In re* Nicot Santana, 129 D.P.R. 717, 718 (1992).

II

La actitud de dejadez y desidia que ha demostrado el Lcdo. Iván Vega Lasalle ante la orden emitida por este Tribunal constituye prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión. Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, se decreta la suspensión indefinida e inmediata de Iván Vega Lasalle del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Iván Vega Lasalle

AB-2004-180

SENTENCIA

San Juan, Puerto Rico, a 20 de abril de 2005

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión indefinida e inmediata de Iván Vega Lasalle del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá certificarnos dentro del término de treinta días, a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de Iván Vega Lasalle, luego de lo cual entregará los mismos a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Publíquese.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo