EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2006 TSPR 80 |
| Jorge T. Colón Román | 167 DPR _____ |

Número del Caso: AB-2004-56

Fecha: 27 de abril de 2006

Abogada de la Parte Peticionaria:

Por Derecho Propio

Materia: Conducta Profesional
        (La suspensión será efectiva el 8 de mayo de 2006
        fecha en que se notificó al abogado de su suspensión
        inmediata)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Jorge T. Colón Román                    AB 2004-56

PER CURIAM

San Juan, Puerto Rico, a 27 de abril de 2006.

I

El 5 de marzo de 2004, el Sr. Rodrigo Fernós Riddick presentó ante nos una queja contra el Lcdo. Jorge T. Colón Román (en adelante, licenciado Colón Román). Se le imputó al abogado haber fallado en corregir unos errores señalados por el Registro de la Propiedad en una escritura de compraventa y constitución de hipoteca otorgada por éste.

A solicitud del abogado, el 10 de agosto de 2004 le concedimos una prórroga de quince (15) días para contestar la querella. El 2 de

septiembre de 2004, se le concedió un término adicional de seis (6) días para contestar.

En vista de que el abogado no compareció a contestar la querella, mediante Resolución del 17 de noviembre de 2005, le concedimos un término final de diez (10) días para contestar la queja presentada en su contra. Dicha resolución fue notificada por correo certificado a la dirección de récord del abogado querellado y personalmente a través de la Oficina del Alguacil General.

Así las cosas, el término concedido expiró y el abogado aún no ha comparecido ante este Tribunal. En vista de lo anterior, procedemos a resolver este asunto sin ulteriores trámites.

II

Todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In Re: Quintero Alfaro*, res. el 9 de febrero de 2004, 2004 TSPR 20; *In Re: Serrano Mangual*, 139 D.P.R. 602 (1995); *In Re: Bonaparte Rosaly*,

131 D.P.R. 908 (1992); *In Re: Colón Torres,* 129 D.P.R. 490 (1991).

En vista de que el abogado nunca compareció ante este Tribunal a cumplir con lo ordenado e ignoró los requerimientos que le hicimos al respecto, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Jorge T. Colón Román.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del licenciado Colón Román y entregarlos a la Directora de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Jorge T. Colón Román          AB 2004-56


SENTENCIA

San Juan, Puerto Rico, a 27 de abril de 2006.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se dicta sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Jorge T. Colón Román.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial del abogado querellado.

Se le impone al licenciado Colón Román el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los foros judiciales y administrativos. A demás, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo