EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Luis Antonio Ríos Rodríguez | 2007 TSPR 176 <br><br> 172 DPR _____ |

Número del Caso: AB-2006-69

Fecha: 27 de septiembre de 2007

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                        AB-2006-69
Luis Antonio Ríos Rodríguez

PER CURIAM

San Juan, Puerto Rico, a 27 de septiembre de 2007.

Luis Antonio Ríos Rodríguez fue admitido al ejercicio de la profesión de abogado el 30 de junio de 1993 y el 17 de junio de 1994 fue admitido a ejercer como notario.

I

El pasado 21 de marzo de 2006 la Secretaria del Tribunal Supremo cursó comunicación por correo certificado al Lcdo. Luis A. Ríos Rodríguez, con relación a una queja presentada en su contra en este Tribunal por el señor José A. Massanet Pérez. En dicha carta se le concedía un término de diez (10) días para contestar la queja en su contra. Dicha carta fue devuelta por el correo por la siguiente razón: "Unclaimed".

Además, se le envió copia de la referida comunicación a una dirección suministrada por el querellante la cual, según información del correo, fue recibida por Ríos Rodríguez el 20 de junio de 2006.

El 23 de junio de 2006, mediante segunda notificación, se le concedió un término adicional de diez (10) días para contestar la referida queja. No compareció dentro del término requerido.

El 21 de julio de 2006 mediante Resolución y bajo apercibimiento de suspensión al ejercicio de la profesión se le concedió un término de diez (10) días adicionales para contestar la queja en su contra. Esta Resolución le fue notificada personalmente mediante entrega por un alguacil del Tribunal el 8 de septiembre de 2006.

Al día de hoy Ríos Rodríguez no ha comparecido ante el Tribunal.

En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.

II

Hemos resuelto, en reiteradas ocasiones, que todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un

abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re: Lloréns Sar, res.

en 5 de febrero de 2007, 2007 TSPR 31; In re: Díaz Rodríguez, res. 30 de noviembre de 2005, 2005 TSPR 191; In re: Vega Lassalle, res. 20 de abril de 2005, 2005 TSPR 66; In re: Quintero Alfaro, res. 9 de febrero de 2004, 2004 TSPR 20; In re: Serrano Mangual, 139 D.P.R. 602 (1995); In re: González Albarrán, 139 D.P.R. 543 (1995); In re: Osorio Díaz, 131 D.P.R. 1050 (1992); In re: Colón Torres, 129 D.P.R. 490, 494 (1991).

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-AR. 9, impone a todo abogado la obligación de notificar cualquier cambio de dirección, ya sea física o postal, a la Secretaria del Tribunal Supremo. Cuando un abogado incumple con su deber de mantener al día su dirección y obstaculiza el ejercicio de nuestra jurisdicción disciplinaria, es suficiente para decretar su suspensión indefinida de la abogacía. In re: Deliz Terrón, res. 3 de mayo de 2006, 2006 TSPR 89; In re: Sanabria Ortiz, 156 D.P.R. 345, 349 (2002); In re: Santiago Méndez, 141 DPR 75, 76 (1996). In re: Garity, res. 1 de septiembre de 2004, 2004 TSPR 148; In re: Soto Colón, 155 DPR 623, 642 (2001); In re:

Berríos Pagán, 126 DPR 458, 459 (1990); In re: Serrallés III, 119 D.P.R. 494 (1987); In re: Kieffer, 117 DPR 767, 769 (1986).

En el caso antes nos, el licenciado Ríos Rodríguez no sólo incumplió con su deber de mantener al día su dirección sino que ha hecho caso omiso a nuestras órdenes al incumplir la resolución antes referida. Así mismo, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias. Evidentemente no le interesa continuar ejerciendo la profesión.

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Luis A. Ríos Rodríguez.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la

Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

                              AB-2006-69

Luis Antonio Ríos Rodríguez


SENTENCIA

San Juan, Puerto Rico, a 27 de septiembre de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntrega de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Luis Antonio Ríos Rodríguez.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá

incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina.


Dimarie Alicea Lozada
Secretaria del Tribunal Supremo, Interina