EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                     | 2007 TSPR 186   |
|----------------------------|-----------------|
| Virgen E. Rivera Torres    | 172 DPR ____    |

Número del Caso: AB-2006-238

Fecha: 11 de octubre de 2007

Materia: Conducta Profesional
          (La suspensión será efectiva el 22 de octubre de 2007
          fecha en que se le notificó al abogado de su suspensión
          inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se
hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Virgen E. Rivera Torres          AB-2006-238


PER CURIAM


San Juan, Puerto Rico, a 11 de octubre de 2007.

La licenciada Virgen E. Rivera Torres fue admitida al ejercicio de la profesión de abogado el 12 de diciembre de 1975 y el 14 de octubre de 1976 fue admitida a ejercer como notario.

I

El pasado 26 de septiembre de 2006, la Secretaria del Tribunal Supremo cursó comunicación por correo certificado a la Lcda. Virgen E. Rivera Torres, en adelante Rivera Torres, con relación a una queja presentada en su contra en este Tribunal por el Sr. Carlos M. Cuevas Arias. En dicha carta se le concedía un término de diez (10) días para contestar la queja en su contra. Dicha carta fue

devuelta por el correo por la siguiente razón: "Unclaimed".

El 7 de noviembre de 2006, la Secretaria del Tribunal Supremo cursó una segunda comunicación escrita por correo a Rivera Torres concediéndole un término adicional de diez (10) días para contestar la queja presentada en su contra.

El 21 de diciembre de 2006, la Secretaria del Tribunal Supremo cursó una tercera comunicación escrita por correo a Rivera Torres a la dirección que aparecía en el Directorio del Colegio de Abogados de Puerto Rico. Se le concedió un término adicional de diez (10) días para comparecer y contestar la queja presentada en su contra.

El 11 de enero de 2007 emitimos una Resolución concediéndole un término de diez (10) días a la licenciada Virgen E. Rivera Torres, para que compareciera ante este Tribunal y contestara la queja presentada en su contra. Le apercibimos, además, de que el incumplimiento con dicha Resolución conllevaría "…sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión." Esta Resolución le fue notificada personalmente a Rivera Torres mediante entrega por un alguacil del Tribunal el 22 de enero de 2007.

Al día de hoy Rivera Torres no ha comparecido ante el Tribunal.

En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.

AB-2006-238

II

Hemos resuelto, en reiteradas ocasiones, que todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re: Lloréns Sar, res. en 5 de febrero de 2007, 2007 TSPR 31; In re: Díaz Rodríguez, res. 30 de noviembre de 2005, 2005 TSPR 191; In re: Vega Lassalle, res. 20 de abril de 2005, 2005 TSPR 66; In re: Quintero Alfaro, res. 9 de febrero de 2004, 2004 TSPR 20; In re: Serrano Mangual, 139 D.P.R. 602 (1995); In re: González Albarrán, 139 D.P.R. 543 (1995); In re: Osorio Díaz, 131 D.P.R. 1050 (1992); In re: Colón Torres, 129 D.P.R. 490, 494 (1991).

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-AR. 9, impone a todo abogado la obligación de notificar cualquier cambio de dirección, ya sea física o postal, a la Secretaria del Tribunal Supremo. Cuando un abogado incumple con su deber de mantener al día su dirección y obstaculiza el ejercicio de nuestra jurisdicción disciplinaria es suficiente para decretar la suspensión indefinida de la abogacía. In re: Deliz Terrón, res. 3 de mayo de 2006, 2006 TSPR 89; In re:

AB-2006-238

<u>Sanabria Ortiz</u>, 156 D.P.R. 345, 349 (2002); <u>In re:</u>
<u>Santiago Méndez</u>, 141 DPR 75, 76 (1996). <u>In re: Garity</u>,
res. 1 de septiembre de 2004, 2004 TSPR 148; <u>In re:</u>
<u>Soto Colón</u>, 155 DPR 623, 642 (2001); <u>In re: Berríos Pagán</u>,
126 DPR 458, 459 (1990); <u>In re: Serrallés III</u>, 119 D.P.R.
494 (1987); <u>In re: Kieffer</u>, 117 DPR 767, 769 (1986).

En el caso antes nos, la licenciada Rivera Torres no sólo incumplió con su deber de mantener al día su dirección sino que ha hecho caso omiso a nuestras órdenes al incumplir la resolución y comunicaciones antes referidas. Así mismo, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias. Evidentemente no le interesa continuar ejerciendo la profesión.

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría a la Lcda. Virgen E. Rivera Torres.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado

AB-2006-238

suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictara sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Virgen E. Rivera Torres                AB-2006-238

SENTENCIA

San Juan, Puerto Rico, a 11 de octubre de 2007

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntrega de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la          Lcda. Virgen E. Rivera Torres.

Se le impone a la abogada querellada el deber de notificar a todos sus clientes de su   inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rebollo López y la Jueza Asociada señora Rodríguez no intervinieron.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo