EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2007 TSPR 185 |
| Frank Rodríguez Calderón | 172 DPR _____ |

Número del Caso: AB-2006-262

Fecha: 16 de octubre de 2007

Abogado de la Parte Peticionaria:

Por Derecho Propio

Colegio de Abogados de Puerto Rico:

Lcda. María de Lourdes Rodríguez
Oficial Investigadora

Materia: Conducta Profesional
(La suspensión será efectiva el 22 de octubre de 2007
fecha en que se le notificó al abogado de su suspensión
inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se
hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Frank Rodríguez Calderón          AB-2006-262      Queja


PER CURIAM

San Juan, Puerto Rico, a 16 de octubre de 2007.

El Lcdo. Frank Rodríguez Calderón fue admitido al ejercicio de la abogacía el 2 de febrero de 1990 y al ejercicio de la notaría el 29 de mayo de 1990.

El 15 de marzo de 2005 se presentó ante el Colegio de Abogados de Puerto Rico una queja juramentada contra el licenciado Rodríguez Calderón. Conforme el procedimiento establecido, la Comisión de Ética del Colegio de Abogados envió copia de la misma al licenciado Rodríguez Calderón requiriendo su posición al respecto. El 21 de junio de 2005 el licenciado Rodríguez Calderón presentó su contestación a la queja presentada.

Luego de varios trámites procesales, la Comisión de Ética señaló vista en su fondo para el 31 de enero de 2006. A la vista compareció el querellante, sin embargo el licenciado Rodríguez Calderón no compareció. Mediante comunicación de 6 de febrero de 2006 éste notificó a la Comisión las razones para su incomparecencia. Ante tal situación, la vista en su fondo fue señalada nuevamente para el 23 de mayo de 2006. En dicha ocasión el licenciado Rodríguez Calderón nuevamente no compareció. En vista de ello, la Comisión de Ética emitió resolución en la que le requirió mostrar causa por su incomparecencia. El licenciado Rodríguez Calderón no cumplió.

Por tal razón, el Colegio de Abogados compareció ante nos el 29 de agosto de 2006 para solicitar nuestra intervención.

Mediante Resolución de 12 de diciembre de 2006, notificada personalmente por un alguacil del Tribunal, le ordenamos al licenciado Rodríguez Calderón que respondiera los requerimientos del Colegio de Abogados y compareciera ante este Tribunal a exponer las razones por las cuales no debía ser disciplinado por no comparecer a responder tales requerimientos. Además le apercibimos que incumplir con lo ordenado podría conllevar sanciones disciplinarias severas, incluyendo su suspensión del ejercicio de la profesión.

El 10 de enero de 2007 el licenciado Rodríguez Calderón presentó "Moción en Cumplimiento de Orden" en la que expresó las circunstancias que le impidieron comparecer a la vista en su fondo y atender los requerimientos del Colegio de

Abogados. En vista de ello, el 14 de febrero de 2007 le concedimos, mediante Resolución, un término de quince (15) días para que nos informara si había comparecido al Colegio de Abogados.

El 7 de junio de 2007 el Colegio de Abogados compareció ante nos para informarnos que el licenciado Rodríguez Calderón no había contestado a sus requerimientos, a pesar de haberle ordenado este Tribunal que lo hiciera. Al día de hoy, el término concedido ha transcurrido y el licenciado Rodríguez Calderón no ha comparecido, ni ha solicitado prórroga para comparecer, ni al Colegio de Abogados, ni ante nos, en incumplimiento con nuestra Resolución del 14 de febrero de 2007.

Hemos expresado reiteradamente que los abogados tienen la obligación de responder con diligencia a las órdenes de este Tribunal, así como a los requerimientos del Colegio de Abogados con respecto a las quejas que se presentan en su contra. In re: Guede Mijares, 159 D.P.R. 396 (2003), In re: Pérez Brasa, 155 D.P.R. 813 (2002). El incumplimiento por parte de un abogado con nuestras órdenes o los requerimientos del Colegio de Abogados conlleva la imposición de severas sanciones disciplinarias. In re: García Enchautegui, 2005 TSPR 62, 164 D.P.R. ___; In re: Torres Torregrosa, 2004 TSPR 9, 161 D.P.R. ___.

Desatender las comunicaciones relacionadas a procedimientos disciplinarios "tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este

tribunal". In re: Ríos Acosta, 143 D.P.R. 128, 135 (1997). El Canon 12 del Código de Ética Profesional exige "desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones" en la tramitación de las causas. 4 L.P.R.A. Ap. IX C. 12. Este deber profesional "se extiende no sólo a la esfera de la litigación de causas sino a la jurisdicción disciplinaria de este foro". In re: Ríos Acosta, supra, pág. 135.

Asimismo, constituye una violación al Canon 9 del Código de Ética Profesional incumplir las órdenes y requerimientos de este Tribunal. El Canon 9 establece el deber de todo abogado de observar hacia los tribunales una conducta que se caracterice por el mayor respeto. 4 L.P.R.A. Ap. IX, C. 9. Ello incluye el estricto cumplimiento con las órdenes y resoluciones de este Tribunal relacionadas al ámbito de la conducta profesional. In re: Moreno Franco, 2006 TSPR 10, 166 D.P.R. ___, In re: Salichs Martínez, 131 D.P.R. 481 (1992).

De la misma forma, hemos expresado que todo abogado tiene la ineludible obligación de responder prontamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. In re: Colón Rivera, 2007 TSPR 59, 170 D.P.R. ___; In re: Negrón Negrón, 2005 TSPR 5, 163 D.P.R. ___.

En el caso de autos el licenciado Rodríguez Calderón ha hecho caso omiso a nuestra Resolución del 14 de febrero de 2007 y a los requerimientos del Colegio de Abogados relacionados a la queja presentada en su contra. Su conducta

ha ocasionado que la investigación que lleva a cabo la Comisión de Ética del Colegio de Abogados no haya podido concluir debido a su incomparecencia a las vistas señaladas. Con tal proceder el licenciado Rodríguez Calderón ha ignorado las obligaciones que tiene como miembro de la profesión jurídica. Es evidente que no tiene gran interés en continuar siendo miembro de la profesión.

Por los fundamentos antes expresados ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del Lcdo. Frank Rodríguez Calderón, a partir de la notificación de la presente Opinión *Per Curiam*.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial de Rodríguez Calderón y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Frank Rodríguez Calderón        AB-2006-262     Queja

SENTENCIA

San Juan, Puerto Rico, a 16 de octubre de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación inmediata e indefinida del ejercicio de la abogacía del Lcdo. Frank Rodríguez Calderón.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial de Rodríguez Calderón y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

AB-2006-262                                                2

        Así lo pronuncia y manda el Tribunal y certifica la
Secretaria del Tribunal Supremo. El Juez Asociado señor
Rebollo López y la Jueza Asociada señora Rodríguez
Rodríguez no intervinieron.


                          Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo