EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Manuel García Vallés <br> Joseph Albert Huse <br> Mario A. Loyola Fernández | 2007 TSPR 196 <br><br> 172 DPR \_\_\_\_ |

Número del Caso: TS-4280
                 TS-7104
                 TS-12807


Fecha: 7 de noviembre de 2007


Colegio de Abogados de Puerto Rico:


                    Lcdo. José M. Montalvo Trías
                    Director Ejecutivo




Materia: Conducta Profesional




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Manuel García Vallés | TS-4280 | Querella sobre |
| Joseph Albert Huse | TS-7104 | suspensión del |
| Mario A. Loyola Fernández | TS-12,807 | ejercicio de |
| | | la abogacía |

PER CURIAM

San Juan, Puerto Rico, a 7 de noviembre de 2007.

El Colegio de Abogados de Puerto Rico comparece de nuevo ante este Tribunal para solicitar la suspensión de los Licenciados Manuel García Vallés, Joseph Albert Huse y Mario A. Loyola Fernández del ejercicio de la abogacía por no haber satisfecho el pago de la cuota de colegiación.

En vista de ello, mediante Resolución del 11 de agosto de 2006, concedimos a los abogados querellados un término de veinte (20) días para mostrar causa por la cual no debían ser suspendidos del ejercicio de la abogacía. En la Resolución, se les apercibió de que su incumplimiento con las órdenes de este Tribunal conllevaría la suspensión inmediata del ejercicio de la abogacía.

Transcurrido el término de veinte (20) días sin recibir la comparecencia de los abogados, se les concedió, mediante Resolución de 11 de octubre de 2006, un término final de diez (10) días para cumplir con la orden señalada.

Dichas resoluciones fueron notificadas por correo certificado a la dirección de récord de los abogados querellados. Las mismas fueron devueltas debido a que los abogados habían cambiado de dirección y no notificaron el cambio a la Secretaría de este Tribunal.

Así las cosas, el término concedido expiró y los abogados no han comparecido ante el Tribunal, ni han satisfecho sus deudas. En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.

Las Resoluciones en los casos 4280, 7104, y 12,807 se consolidan por versar sobre el mismo asunto.

II

El artículo 9 de la Ley Núm. 43 del 14 de mayo de 1932, 4 LPRA § 780, establece la obligación de los miembros del Colegio de Abogados de Puerto Rico de satisfacer una cuota anual. Hemos resuelto, en reiteradas ocasiones, que el incumplimiento con dicha obligación demuestra una total indiferencia hacia las obligaciones mínimas de la profesión legal y conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía. In re: Ortiz Delgado, res. 29 de mayo de 2003, 2003 TSPR 96; In re: Pérez Brasa, 155 DPR 813, 817 (2001); In re: Osorio Díaz, 146 DPR 39 (1998); In re: Reyes Rovira, 139 DPR 42, 43 (1995); Col. Abogados PR. v. Pérez Padilla, 135 DPR 94 (1994); In re: Serrallés III,

119 DPR 494, 495 (1987); In re: Vega González, DPR 379, 381 (1985); Colegio de Abogados v. Schneider, 112 DPR 540, 546, 547 (1982).

Asimismo, todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re: Harley Rullán Castillo, res. 8 de febrero de 2007, 2007 TSPR 41, In re: Lloréns Sar, res. 5 de febrero de 2007, 2007 TSPR 31; In re: Díaz Rodríguez, res. 30 de noviembre de 2005, 2005 TSPR 191; In re: Vega Lassalle, res. 20 de abril de 2005, 2005 TSPR 66; In re: Quintero Alfaro, res. 9 de febrero de 2004, 2004 TSPR 20, In re: Osorio Díaz, *supra*; In re: Serrano Mangual, 139 DPR 602 (1995); In re: González Albarrán, 139 DPR 543 (1995); In re: Colón Torres, 129 DPR 490, 494 (1991).

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-AR. 9, impone a todo abogado la obligación de notificar cualquier cambio de dirección, ya sea física o postal, a la Secretaria del Tribunal Supremo. Cuando un abogado incumple con su deber de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. In re: Deliz Terrón, res. 3 de mayo de 2006, 2006 TSPR 89; In re: Sanabria

Ortiz, 156 DPR 345, 349 (2002), In re Santiago Méndez, 141 DPR 75, 76 (1996). El incumplimiento con tal deber es suficiente para decretar la separación indefinida de la abogacía. In re: Garity, res. 1 de septiembre de 2004, 2004 TSPR 148; In re: Soto Colón, 155 DPR 623, 642 (2001); In re: Berríos Pagán, 126 DPR 458, 459 (1990); In re: Serrallés III, supra; In re: Kieffer, 117 DPR 767, 769 (1986).

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía a los licenciados Manuel García Vallés, Joseph Albert Huse, y Mario A. Loyola Fernández.

Se les impone a los abogados querellados el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tienen la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

En vista de que la correspondencia de los abogados de epígrafe ha sido devuelta porque éstos no han notificado cambio de dirección, esta Opinión y la Sentencia correspondiente se les notificará por correo con acuse de recibo a la última dirección que aparece en los expedientes personales y una vez remitida, se considerará notificado al

abogado o abogada de su suspensión y la misma será efectiva a partir de la fecha de la notificación.

Se dictará la Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Manuel García Vallés            TS-4280     Querella sobre
Joseph Albert Huse              TS-7104     suspensión del
Mario A. Loyola Fernández       TS-12,807   ejercicio de
                                             la abogacía


SENTENCIA

San Juan, Puerto Rico, a 7 de noviembre de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integral de la presente Sentencia, se les suspende inmediata e indefinidamente del ejercicio de la abogacía.

Se le impone a: Manuel García Vallés, Joseph Albert Huse y a Mario A. Loyola Fernández, el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo