EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Santiago Martínez Miranda | 2008 TSPR 176 <br><br> 175 DPR ＿＿＿ |

Número del Caso: AB-2007-184
            Cons. TS-9400


Fecha: 22 de agosto de 2008




Materia: Conducta Profesional
        (La suspensión será efectiva el 21 de octubre de 2008 fecha
        en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Santiago Martínez Miranda          AB-2007-184
                                   TS-9400

PER CURIAM

San Juan, Puerto Rico a 22 de agosto de 2008.

I

El licenciado Santiago Martínez Miranda fue admitido al ejercicio de la abogacía el 2 de enero de 1990 y al ejercicio de la notaría el 11 de diciembre de 1996.

Mediante Opinión *Per Curiam* emitida el 17 de septiembre de 2003, suspendimos a Martínez Miranda del ejercicio de la profesión por un término de seis meses. In re Martínez Miranda, 160 D.P.R. 263 (2003). En esa ocasión, resolvimos que Martínez Miranda había infringido los Cánones 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, por su falta de competencia y diligencia en la

representación de un cliente y por haber incumplido con su deber de mantener a dicho cliente informado sobre el desarrollo el caso. Asimismo, determinamos que Martínez Miranda también había incurrido en una violación al Canon 9 del Código de Ética, *supra*, por no responder diligentemente a nuestros requerimientos ni a los del Procurador General. *Íd.*

Transcurrido en exceso el término de suspensión decretado, Martínez Miranda compareció y nos solicitó que lo reinstaláramos al ejercicio de la profesión. Luego de los trámites de rigor, reinstalamos a dicho abogado al ejercicio de la abogacía y de la notaría mediante Resolución emitida el 13 de agosto de 2004. In re Martínez Miranda, 162 D.P.R. 744 (2004).

Posteriormente, con motivo de una queja presentada en su contra, el 18 de junio de 2007 la Secretaría de este Tribunal le cursó una comunicación por correo certificado con acuse de recibo a Martínez Miranda en la cual se le concedió un término de diez días para presentar su contestación. El 13 de agosto de 2007, debido a que el término concedido había transcurrido, la Secretaría del Tribunal le remitió a Martínez Miranda una segunda notificación mediante la cual se le concedió un término adicional de diez días para contestar la queja.

Dado el incumplimiento de Martínez Miranda con las referidas notificaciones, el 26 de octubre de 2007, mediante Resolución y bajo apercibimiento de suspensión del ejercicio

de la profesión, le concedimos a dicho abogado un término de diez días adicionales para contestar la queja presentada en su contra. Esta Resolución se le notificó a Martínez Miranda mediante entrega personal realizada por la Oficina del Alguacil de este Tribunal el 24 de enero de 2008. A pesar de lo anterior, Martínez Miranda aún no ha comparecido ante nos.

Por otro lado, el pasado 17 de junio, el Colegio de Abogados compareció ante este Foro y nos solicitó que canceláramos la fianza notarial prestada por Martínez Miranda. El Colegio nos informó que éste tiene al descubierto el pago de dicha fianza, la cual venció en noviembre del pasado año.[1]

En vista de lo anterior, mediante Resolución emitida el pasado 23 de junio, le concedimos a Martínez Miranda un término de veinte días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. Dicha orden incluyó un apercibimiento a Martínez Miranda a los efectos de que su incumplimiento con la misma conllevaría su suspensión del ejercicio de la notaría y podría dar lugar a sanciones disciplinarias adicionales.

---

[1] Cabe señalar que del expediente surge que en mayo de 2006 el Colegio de Abogados había comparecido a solicitarnos la cancelación de la fianza notarial prestada por Martínez Miranda, dado que éste la tenía al descubierto desde noviembre de 2005. Sin embargo, tras Martínez Miranda haber hecho el referido pago, el Colegio desistió de dicha petición y procedimos a archivar el asunto. Similar situación ocurrió en agosto de 2003, cuando el Colegio desistió de una queja presentada en contra de Martínez Miranda por su incumplimiento con el pago de la cuota de colegiación, la cual dicho abogado pagó luego de instada la queja.

Debido a que Martínez Miranda incumplió, una vez más, con lo ordenado por este Tribunal, el pasado 24 de julio le concedimos un término adicional de diez días para que diera cumplimiento a nuestra Resolución del 23 de junio. Dispusimos, además, que se notificara lo anterior a Martínez Miranda personalmente, mediante la Oficina del Alguacil de este Tribunal.

Conforme a lo ordenado, un alguacil de este Tribunal acudió personalmente a la dirección de Martínez Miranda que consta en su expediente personal, con el propósito de notificarle la Resolución antes mencionada. Sin embargo, las gestiones realizadas por el alguacil resultaron infructuosas. La Oficina del Alguacil ha hecho constar el diligenciamiento negativo de la referida Resolución.

Todo lo anterior apunta a una reiterada conducta de dejadez e indiferencia de parte de Martínez Miranda hacia nuestras órdenes, y demuestra su ignorancia de sus deberes como abogado, así como su desinterés en continuar siendo miembro de la profesión. Veamos.

II

En reiteradas ocasiones, hemos resuelto que todo abogado tiene la obligación de responder diligentemente a los requerimientos de este Tribunal, sobre todo cuando se trata de asuntos relacionados a la esfera disciplinaria. Por ello, no cumplir diligentemente con lo ordenado por este Foro y demostrar indiferencia ante nuestros apercibimientos es razón suficiente para suspender a un abogado del

ejercicio de la abogacía. In re García Vallés, res. 7 de noviembre de 2007, 2007 TSPR 196; In re Rodríguez Calderón, res. 16 de octubre de 2007, 2007 TSPR 185; In re Rivera Torres, res. 11 de octubre de 2007, 2007 TSPR 186; In re Laborde Freyre I, 154 D.P.R. 112 (2001); In re Osorio Díaz, 146 D.P.R. 39 (1998).

Asimismo, la omisión de un abogado de mantener su dirección al día ante este Tribunal es motivo suficiente para decretar su suspensión indefinida del ejercicio de la profesión. La Regla 9(j) del Reglamento de este Tribunal impone a todo miembro de la clase togada la obligación de notificar cualquier cambio de dirección -ya sea física o postal- a la Secretaría del Tribunal Supremo. 4 L.P.R.A. Ap. XXI-A, R. 9. Cuando un abogado incumple con dicho deber obstaculiza sustancialmente el ejercicio de nuestra jurisdicción disciplinaria, por lo que tal conducta bastará para que le impongamos la severa sanción de separarlo de la práctica de la profesión. In re Ríos Rodríguez, res. 27 de septiembre de 2007, 2007 TSPR 176; In re Velázquez Beveraggi, res. 27 de diciembre de 2005, 2006 TSPR 1; In re Sanabria Ortiz, 156 D.P.R. 345 (2002).

Por otro lado, el Artículo 7 de la Ley Notarial establece como requisito para poder ejercer el notariado en Puerto Rico la prestación de una fianza no menor de $15,000. 4 L.P.R.A. sec. 2011. El propósito de dicha fianza es responder por los daños y perjuicios que el notario pueda ocasionar mediante el desempeño de sus funciones o por el

incumplimiento de sus deberes ministeriales. In re Velázquez Beveraggi, *supra*; Sucn. María Resto v. Ortiz, 157 D.P.R. 803 (2002); In re Ribas Dominicci, 131 D.P.R. 491 (1992).

Hemos expresado que un notario que no cuenta con dicha protección constituye un peligro, no sólo para el tráfico jurídico de los bienes inmuebles, sino para aquellas personas que utilizan sus servicios. Constituye una falta de respeto hacia este Tribunal la omisión del notario de hacer gestiones para renovar la fianza. Por ello, el incumplimiento de la obligación de pagar las primas de la fianza notarial requiere la intervención disciplinaria de este Tribunal. In re Velázquez Beveraggi, *supra*; In re Arroyo Rivera, res. 22 de noviembre de 2005, 2005 TSPR 180; In re Ribas Dominicci, *supra*.

En el caso ante nuestra consideración, la Oficina del Alguacil de este Tribunal notificó personalmente a Martínez Miranda la Resolución emitida el 26 de octubre de 2007. Por otro lado, dicha Oficina ha hecho constar el diligenciamiento negativo de la Resolución emitida el pasado 24 de julio relacionada a la falta de pago de la prima de la fianza notarial. Ello indica que Martínez Miranda ha cambiado su dirección y no ha cumplido con su deber de informar dicho cambio a la Secretaría del Tribunal. Tampoco ha atendido nuestros requerimientos, ni ha cumplido con su obligación de pagar la fianza notarial.

En vista de que Martínez Miranda ha hecho caso omiso a nuestras órdenes en reiteradas ocasiones y ha incumplido con

sus deberes de mantener al día su dirección física y pagar las primas por concepto de fianza notarial, procede que lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregarlos a la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Santiago Martínez Miranda       AB-2007-184
                                TS-9400


SENTENCIA

San Juan, Puerto Rico a 22 de agosto de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al Lic. Santiago Martínez Miranda inmediata e indefinidamente del ejercicio de la abogacía.

Se le impone al licenciado Martínez Miranda el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregarlos a la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                         Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo