EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Harley Rullán Castillo | 2007 TSPR 41 170 DPR _____ |
| --- | --- |

Número del Caso: TS-12,717

Fecha: 8 de febrero de 2007

Colegio de Abogados de Puerto Rico:

Lcdo. José M. Montalvo Trías
Director Ejecutivo

Lcdo. Israel Pacheco Acevedo
Secretario Ejecutivo

Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el día 9 de marzo de 2007).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Harley Rullán Castillo                TS-12,717

PER CURIAM

San Juan, Puerto Rico, a 8 de febrero de 2007.

El 27 de enero de 1999 Harley Rullán Castillo fue admitido al ejercicio de la profesión de abogado; y el 4 de febrero de 2000 admitido a ejercer como notario.

El 28 de junio de 2006 el Colegio de Abogados de Puerto Rico solicitó la suspensión de Rullán Castillo del ejercicio de la abogacía por falta de pago de la cuota anual de colegiación. El 11 de agosto de 2006, mediante la correspondiente Resolución, le concedimos un término a Rullán Castillo para mostrar causa por la cual no debía ser suspendido del ejercicio profesional. Le apercibimos en dicha Resolución que el incumplimiento con los términos de la misma conllevaría la suspensión automática del ejercicio de la abogacía.

Rullán Castillo no contestó nuestra Resolución del 11 de agosto de 2006. En vista de ello, y a pesar del apercibimiento que le habíamos notificado en dicha Resolución, el 11 de octubre de 2006 le concedimos un término **final** al abogado para cumplir con nuestra anterior Resolución. Lo volvimos a apercibir de que su incumplimiento aparejaría la suspensión automática del ejercicio profesional, y le notificamos esta segunda Resolución **personalmente** mediante entrega por un Alguacil del Tribunal.

La notificación referida se efectuó el 5 de diciembre de 2006. A la fecha de hoy Rullán Castillo no ha pagado la cuota pendiente del Colegio de Abogados. Lo que es más grave aún, no ha comparecido ante nos, ello en craso incumplimiento con nuestras Resoluciones del 11 de agosto y 11 de octubre de 2006.[1]

---

[1] Harley Rullán Castillo **había incumplido anteriormente** con su obligación de pagar la cuota anual del Colegio de Abogados, y había sido objeto de un apercibimiento previo sobre su obligación de cumplir estrictamente con la obligación referida. Así se lo indicamos mediante una Resolución fechada 24 de octubre de 2005, que evidentemente no tuvo mucho efecto.

Del mismo modo, en varias ocasiones pasadas Rullán Castillo ha dejado de pagar **la fianza notarial** debidamente y ha sido necesario requerirle el pago de ésta al amparo del proceso disciplinario correspondiente, con los apercibimientos de rigor. Ahora mismo tiene pendiente de pago la fianza notarial para el año 2006. En vista de la suspensión del ejercicio de la abogacía y la notaría que aquí se dispone, se deja lo relativo a este otro asunto para posible consideración en el futuro. Se resalta, no obstante, la frecuente conducta del querellado de no cumplir con sus deberes profesionales y de hacer caso omiso a nuestras órdenes.

II

Reiteradamente hemos resuelto que los abogados tienen la ineludible obligación de responder diligentemente a las órdenes de este Tribunal, como a los requerimientos del Colegio de Abogados con respecto al pago de la cuota anual. La indiferencia de un abogado al no atender nuestras órdenes como los requerimientos del Colegio de Abogados acarrea la imposición de las más severas sanciones disciplinarias. In re García Enchautegui, res. el 3 de mayo de 2005, 164 D.P.R. ___, 2005 TSPR 62, 2005 JTS 67; In re Torres Torregrosa, res. el 13 de enero de 2004, 161 D.P.R. ___, 2004 TSPR 9, 2004 JTS 13; In re Fernández Pacheco, 152 D.P.R 531 (2000); In re Corujo Collazo, 149 D.P.R. 857 (2000); In re Ron Menéndez, 149 D.P.R. 105, 107 (1999); In re Rivera Rodríguez, 147 D.P.R. 917, 923 (1999).

En el caso ante nos, el licenciado Rullán Castillo ha hecho caso omiso a órdenes nuestras al incumplir con las Resoluciones referidas antes. Así mismo se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias. Evidentemente no le interesa continuar ejerciendo la profesión.

En vista de lo anterior, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le impone a Harley Rullán Castillo el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar

oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión Per Curiam y sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Harley Rullán Castillo                    TS-12,717

SENTENCIA

San Juan, Puerto Rico, a 8 de febrero de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le impone a Harley Rullán Castillo el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.

                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo