EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>Anna E. Giráldez Iñesta<br>Lydia Pérez Lugo<br>Víctor Vargas Negrón<br>Rosario M. Méndez Figueroa<br>Ivette Vázquez Choisne<br>Rosa M. Tirado Arroyo | 2008 TSPR 44<br><br>173 DPR _____ |

Número del Caso: TS-8724; TS-5704; TS-1400; TS-11,452;
                 TS-10,424 y TS-8406


Fecha: 3 de marzo de 2008


Colegio de Abogados de Puerto Rico:

                    Lcdo. José M. Montalvo Trías
                    Director Ejecutivo



Abogada de Anna E. Giráldez Iñesta:

                    Por Derecho Propio


Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Anna E. Giráldez Iñesta | TS-8724 | Querella sobre |
| Lydia Pérez Lugo | TS-5704 | suspensión del |
| Víctor Vargas Negrón | TS-1400 | ejercicio de |
| Rosario M. Méndez Figueroa | TS-11,452 | la abogacía |
| Ivette Vázquez Choisne | TS-10,424 | |
| Rosa M. Tirado Arroyo | TS-8406 | |

PER CURIAM

San Juan, Puerto Rico, a 3 de marzo de 2008.

El Colegio de Abogados de Puerto Rico comparece de nuevo ante este Tribunal para solicitar la suspensión de los licenciados Anna E. Giráldez Iñesta, Lydia Pérez Lugo, Víctor Vargas Negrón, Rosario M. Méndez Figueroa, Ivette Vázquez Choisne y Rosa M. Tirado Arroyo del ejercicio de la abogacía por no haber satisfecho el pago de la cuota de colegiación.

En vista de ello, mediante Resolución del 10 de septiembre de 2007, le concedimos a los abogados querellados un término de veinte (20) días para mostrar causa por la cual no debían ser suspendidos

del ejercicio de la abogacía. En la Resolución, se les apercibió de que su incumplimiento con las órdenes de este Tribunal conllevaría la suspensión inmediata del ejercicio de la abogacía.

La licenciada Giráldez compareció ante este Tribunal el diecinueve (19) de octubre de 2007 mediante escrito titulado "Contestación a Resolución y Solicitud de Remedios". En dicho escrito solicitó un tiempo razonable para pagar la cuota de colegiación, ya que estaba enfrentando problemas de salud que le impedían practicar la profesión y además, estaba atravesando una crisis económica que le impedía efectuar pago alguno. El Colegio de Abogados le concedió una prórroga de treinta (30) días o hasta el quince (15) de noviembre de 2007 para hacer el pago de la referida cuota. Al presente, la licenciada Giráldez no ha cumplido con el pago.

De otro lado, transcurrido el término de veinte (20) días sin recibir la comparecencia de Lydia Pérez Lugo, Víctor Vargas Negrón, Rosario M. Méndez Figueroa, Ivette Vázquez Choisne y Rosa M. Tirado Arroyo, se les concedió, mediante Resolución de 23 de octubre de 2007, un término final de diez (10) días para cumplir con la orden señalada.

Tanto la licenciada Lydia Pérez Lugo como las licenciadas Rosario M. Méndez Figueroa e Ivette Vázquez Choisne, fueron notificadas por correo certificado a su dirección de récord. Por su parte, Víctor Vargas Negrón y Rosa M. Tirado Arroyo fueron notificados personalmente por el Alguacil de este Tribunal. Así las cosas, el término concedido expiró y los abogados no han comparecido ante el Tribunal, ni han

satisfecho sus deudas. En vista de lo anterior, procedemos a resolver este asunto sin trámite ulterior.

Las Resoluciones en los casos 8724, 5704, 1400, 11,452, 10,424 y 8406 se consolidan por versar sobre el mismo asunto.

II

El artículo 9 de la Ley Núm. 43 del 14 de mayo de 1932, 4 LPRA § 780, establece la obligación de los miembros del Colegio de Abogados de Puerto Rico de satisfacer una cuota anual. Hemos resuelto, en reiteradas ocasiones, que el incumplimiento con dicha obligación demuestra una total indiferencia hacia las obligaciones mínimas de la profesión legal y conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía. In re: Ortiz Delgado, res. 29 de mayo de 2003, 2003 TSPR 96; In re: Pérez Brasa, 155 DPR 813, 817 (2001); In re: Osorio Díaz, 146 DPR 39 (1998); In re: Reyes Rovira, 139 DPR 42, 43 (1995); Col. Abogados PR. v. Pérez Padilla, 135 DPR 94 (1994); In re: Serrallés III, 119 DPR 494, 495 (1987); In re: Vega González, DPR 379, 381 (1985); Colegio de Abogados v. Schneider, 112 DPR 540, 546, 547 (1982).

Asimismo, todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros

apercibimientos de imponerle sanciones disciplinarias. In re: Harley Rullán Castillo, res. 8 de febrero de 2007, 2007 TSPR 41, In re: Lloréns Sar, res. 5 de febrero de 2007, 2007 TSPR 31; In re: Díaz Rodríguez, res. 30 de noviembre de 2005, 2005 TSPR 191; In re: Vega Lassalle, res. 20 de abril de 2005, 2005 TSPR 66; In re: Quintero Alfaro, res. 9 de febrero de 2004, 2004 TSPR 20, In re: Osorio Díaz, supra; In re: Serrano Mangual, 139 DPR 602 (1995); In re: González Albarrán, 139 DPR 543 (1995); In re: Colón Torres, 129 DPR 490, 494 (1991).

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía a los licenciados Anna E. Giráldez Iñesta, Lydia Pérez Lugo, Víctor Vargas Negrón, Rosario M. Méndez Figueroa, Ivette Vázquez Choisne y Rosa M. Tirado Arroyo.

Se les impone a los abogados querellados el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tienen la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Esta Opinión y la Sentencia correspondiente se notificarán personalmente a los abogados o abogadas de epígrafe a la última dirección que aparece en el expediente personal del abogado. En el caso de Lydia Pérez Lugo, cuya

dirección es fuera de Puerto Rico, se le notificará por correo con acuse de recibo a la última dirección que aparece en los expedientes personales y, una vez remitida, se considerará notificada de su suspensión y la misma será efectiva a partir de la fecha de la notificación.

Se dictará la Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Anna E. Giráldez Iñesta | TS-8724 | Querella sobre |
| Lydia Pérez Lugo | TS-5704 | suspensión del |
| Víctor Vargas Negrón | TS-1400 | ejercicio de |
| Rosario M. Méndez Figueroa | TS-11,452 | la abogacía |
| Ivette Vázquez Choisne | TS-10,424 | |
| Rosa M. Tirado Arroyo | TS-8406 | |

SENTENCIA

San Juan, Puerto Rico, a 3 de marzo de 2008.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integral de la presente Sentencia, se les suspende inmediata e indefinidamente del ejercicio de la abogacía a Anna E. Giráldez Iñesta, Lydia Pérez Lugo, Víctor Vargas Negrón, Rosario M. Méndez Figueroa, Ivette Vázquez Choisne y Rosa M. Tirado Arroyo

Se le impone a: Anna E. Giráldez Iñesta, Lydia Pérez Lugo, Víctor Vargas Negrón, Rosario M. Méndez Figueroa, Ivette Vázquez Choisne y Rosa M. Tirado Arroyo el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo