EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Madeline Colón Bermúdez | 2008 TSPR 187 175 DPR _____ |
|---|---|

Número del Caso: TS-10149

Fecha: 7 de noviembre de 2008

Colegio de Abogados de Puerto Rico:

Lcdo. Israel Pacheco Acevedo
Secretario Ejecutivo

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

TS-10149

Madeline Colón Bermúdez

PER CURIAM

San Juan, Puerto Rico, a 7 de noviembre de 2008.

Resulta verdaderamente inaudito que tengamos que ejercer frecuentemente nuestra jurisdicción disciplinaria ante el contumaz incumplimiento y menosprecio de algunos abogados y abogadas con las órdenes de este Tribunal y con los requerimientos del Colegio de Abogados de Puerto Rico.

**I**

La Lcda. Madeline Colón Bermúdez fue admitida al ejercicio de la abogacía el 17 de marzo de 1992 y el 3 de agosto de 1993 al ejercicio de la notaria.

El pasado 20 de diciembre de 2007, el Colegio de Abogados de Puerto Rico, en adelante el Colegio, compareció ante nos para informarnos que la

licenciada Colón Bermúdez tenía al descubierto el pago de la fianza notarial, la cual había vencido en el mes de julio de dicho año. Por ello, el Colegio nos solicitó que canceláramos la fianza notarial prestada por la abogada de epígrafe.

Ante tal situación, el 8 de febrero de 2008, emitimos una Resolución concediéndole a la licenciada Colón Bermúdez el término de veinte (20) días para mostrar causa por la cual no debía ser suspendida de la profesión. Le apercibimos en dicha Resolución que el incumplimiento con el término concedido conllevaría la suspensión del ejericicio de la notaría y podría dar lugar a otras sanciones disciplinarias.

La licenciada Colón Bermúdez hizo caso omiso a nuestra Resolución. En vista de ello, el 14 de abril de 2008, le concedimos un término final de diez (10) días para cumplir con nuestra anterior Resolución. En esa ocasión, le apercibimos que su incumplimiento podría acarrear la suspensión al ejercicio de la abogacía.

Es menester señalar que la primera Resolución fue notificada por correo certificado a la dirección que consta en el récord de la abogada querellada mientras que la segunda Resolución fue notificada por correo certificado y personalmente a través de la Oficina del Alguacil. Los alguaciles asignados rindieron un informe de diligenciamiento negativo como consecuencia de las múltiples gestiones que realizaron para notificar personalmente la orden emitida. Surge del expediente ante

nos, que el alguacil no pudo diligenciar la Resolución porque, según ha informado, la licenciada Colón Bermúdez hace más de tres (3) años que no reside en la dirección que consta en su expediente.

Así las cosas, el término concedido a la licenciada Colón Bermúdez expiró hace seis (6) meses y ésta no ha comparecido ante nos, ni ha cumplido con el pago de la fianza notarial, en craso incumplimiento con nuestras órdenes.[1]

## II

El Artículo 7 de la Ley Notarial[2] establece los requisitos que debe cumplir todo abogado a los fines de poder practicar la profesión notarial en nuestra jurisdicción. El referido artículo dispone que ningún abogado podrá ejercer el notariado a menos que preste una fianza no menor de quince mil (15,000.00) dólares, para responder por el buen desempeño de las funciones de su cargo y de los daños y perjuicios que pueda causar en el ejercicio de sus funciones.

En *In re Díaz García*, *infra*, expresamos que un notario que no cuenta con la protección que ofrece la fianza notarial constituye un peligro tanto para el

---

[1] Es preciso señalar que el 8 de agosto de 2008, el Colegio compareció ante nos solicitando la suspensión de la abogada querellada por falta de pago de la cuota anual de colegiación correspondiente al año corriente. Posteriormente, el Colegio desistió de su solicitud puesto que la licenciada Colón Bermúdez cumplió con el pago de la referida cuota.

[2] 4 L.P.R.A sec. 2011.

tráfico jurídico como para las personas que a diario utilizan sus servicios.[3] El abogado que se cruza de brazos y no realiza las gestiones pertinentes para renovar la fianza notarial, incurre en una falta de respeto hacia este Tribunal, y pone en marcha nuestra jurisdicción disciplinaria.[4]

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, le impone a todo abogado la obligación de notificar cualquier cambio de dirección, ya sea física o postal, a la Secretaría del Tribunal Supremo.[5] Hemos señalado una y otra vez que el incumplimiento con dicha obligación obstaculiza el ejercicio de nuestra jurisdicción disciplinaria, y es razón suficiente para decretar la separación indefinida de la abogacía.[6]

Finalmente, hemos señalado en un sinfín de ocasiones que todo abogado tiene el ineludible deber de responder diligentemente a las órdenes de este Tribunal y a los requerimientos del Colegio.[7] Por ello, hemos decretado que la inobservancia e indeferencia de los abogados con nuestras órdenes y con los requerimientos del Colegio, respecto al pago de la cuota de colegiación y la fianza

---

[3] 104 D.P.R. 171 (1975).

[4] *In re* Ribas Dominicci I, 131 D.P.R. 491, 499 (1992).

[5] 4 L.P.R.A. Ap. XXI-A, R. 9.

[6] *In re* Deliz Terrón, res. 3 de mayo de 2006, 167 D.P.R. ___ 2006 TSPR 89; *In re* Sanabria Ortiz, 156 DPR 345, 349 (2002); *In re* Soto Colón, 155 DPR 623, 642 (2001). Énfasis suplido.

[7] *In re* Rullán Castillo, res. el 8 de febrero de 2007, 170 D.P.R. _____, 2007 TSPR 41.

notarial, acarrea la imposición de las más severas sanciones disciplinarias.[8]

Por tanto, procede suspender a un abogado del ejercicio de la abogacía cuando hace caso omiso a nuestras órdenes y se muestra indiferente ante los apercibimientos de sanciones disciplinarias.[9] Evidentemente, dicho proceder constituye un acto obstinado de indisciplina y una patente violación al Canon 9 del Código de Ética Profesional, el cual le exige a todo letrado el mayor respeto hacia los tribunales.[10]

## III

En el caso ante nos, la licenciada Colón Bermúdez ha incumplido varios deberes que tenía como abogada, y ha incurrido en un patrón de dejadez y desidia, que evidencia que no le interesa continuar siendo miembro de la honrosa profesión legal. La abogada de epígrafe no informó a este Tribunal su cambio de dirección, ignoró en dos (2) ocasiones nuestras órdenes y finalmente, tiene al descubierto la fianza notarial, poniendo en riesgo el tráfico jurídico en nuestro ordenamiento. Cabe señalar que en varias ocasiones pasadas, la licenciada Colón Bermúdez ha dejado de pagar tanto la fianza notarial como la cuota de colegiación, por lo que ha sido necesario

---

[8] *Íd*; Véase, además, *In re García Enchautegui,* 164 D.P.R. 741 (2005).

[9] *In re Radinson Caraballo*, res. el 16 de enero de 2008, 2008 T.S.P.R. 16.

[10] 4 L.P.R.A. Ap. IX, C. 9.

requerirle los pagos correspondientes a través de diversos procesos disciplinarios.

No estamos dispuestos a aceptar tal irresponsable proceder, particularmente cuando se trata de la fianza notarial y del incumplimiento con nuestros requerimientos. Es imperativo puntualizar que la práctica de la abogacía y la notaría <u>requieren una escrupulosa atención y obediencia a las órdenes de este Tribunal</u>.[11]

Por los fundamentos expuestos y al amparo de nuestro poder inherente de reglamentar la profesión, se <u>suspende inmediata e indefinidamente</u> a la licenciada Colón Bermúdez del ejercicio de la abogacía y la notaría.

Se le impone a Madeline Colón Bermúdez el deber de notificar a todos sus clientes, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos.

Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, del cumplimiento de estos deberes.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial de la abogada suspendida y entregarla a la Directora de la Oficina de

---

[11] *In re* Rivera Colón, res. el 25 de octubre de 2007, 172 D.P.R. ____, 2007 T.S.P.R. 216. Énfasis en el original.

Inspección de Notarías para que realice la correspondiente investigación e informe.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

TS-10149

Madeline Colón Bermúdez

SENTENCIA

San Juan, Puerto Rico, a 7 de noviembre de 2008.

Por los fundamentos antes expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, y al amparo de nuestro poder inherente de reglamentar la profesión, se suspende inmediata e indefinidamente a la licenciada Colón Bermúdez del ejercicio de la abogacía y la notaría.

Se le impone a Madeline Colón Bermúdez el deber de notificar a todos sus clientes, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos.

Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, del cumplimiento de estos deberes.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial de la abogada suspendida y entregarla a la Directora de la Oficina de Inspección de Notarías para que realice la correspondiente investigación e informe.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina.


                        Dimarie Alicea Lozada
                Secretaria del Tribunal Supremo, Interina